IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. TRIPICCHIO and DENISE TRIPICCHIO,<br><br>             Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA, N.A.,<br><br>             Defendant. | Case No. 16 C 1768 |

## MEMORANDUM ORDER

Counsel for defendant Bank of America, N.A. ("BANA," the acronym employed in the responsive pleading that is the subject matter of this memorandum order) has filed what passes for an Answer to the Complaint brought against BANA by Thomas and Denise Tripicchio (collectively "Tripicchios"). This sua sponte memorandum order is regrettably occasioned by an apparent need for some in-house training in federal pleading at counsel's law firm (one of Chicago's leading firms).

Ordinarily this Court deals with pleadings that contain the types of errors that initially triggered its issuance and application of the Appendix to its opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001), or that present other too-frequently-encountered flaws, through the issuance of memorandum orders or opinions that specify those defects to facilitate a pleader's correction of those defects. But here BANA's Answer and accompanying purported affirmative defenses ("ADs") are far too lengthy, and the errors are too pervasive, to justify this Court's expenditure of time in providing a chapter-and-verse compilation rather than leaving it to counsel to do the correction.

Accordingly what follows here will simply identify the categories of errors that need correction, with counsel bearing the responsibility for curing those defects in a self-contained amended pleading:

1. All too many of BANA's responses incorrectly assert that what defense counsel views as "legal conclusions" therefore "do not require a response" -- see App'x ¶ 2 to State Farm. Accordingly the rewritten Amended Answer ordered hereunder must delete this repeated locution wherever it appears:

    > Paragraph -- contains legal conclusions which do not require a response. To the extent any response is required,

    That elimination should of course leave in place the direct responses to Trippichios' allegations.

2. In the many places that defense counsel invokes the disclaimer provision of Fed. R. Civ. P. ("Rule") 8(b)(5),[1] it is followed by the locution "and therefore denies them." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language must be stricken from each of those paragraphs in the Amended Answer.

---

[1] This Court expresses no view as to the substantive appropriateness or inappropriateness of any such disclaimer. If Tripicchios' counsel perceives some claimed defect in any of those disclaimers, that issue may be raised by an appropriate motion.

3. Next the Answer repeatedly characterizes some regulation or other document by stating that it "speaks for itself," sometimes adding that it "is the best evidence of its contents." That usage too is unacceptable -- see App'x ¶ 3 to State Farm. All those statements are therefore stricken, and the Amended Answer will be expected to respond to the corresponding allegations in the Complaint in a substantively informative way -- one that carries out the notice pleading purpose of the federal pleading regime.[2]

4. Finally, this memorandum order turns to the ADs -- no fewer than 10 in number -- that follow the Answer itself. Many are unsuitable -- in that regard defense counsel would do well to read and comply with App'x ¶ 5 to State Farm. In addition, if defense counsel is serious about advancing AD 1 (which is the equivalent of a Rule 12(b)(6) motion), that contention must be raised up front by a properly supported motion, else that contention will be waived.

In sum, the existing responsive pleading is stricken in its entirety, with leave granted of course to file a self-contained substitute on or before May 5, 2016. No charge may be made to BANA by its counsel for the added work and expense incurred in correcting counsel's errors. BANA's counsel is ordered to apprise his client to that effect by letter, with a copy to be

---

[2] As already indicated in the text, this Court has made no effort to do defense counsel's work for him by a thorough vetting of the Answer. If then it contains any other flaws identified in the State Farm Appendix, defense counsel will be expected to address and correct those in reworking the present Answer.

transmitted to this Court's chambers as an informational matter (not for filing).

                                                              */s/ Milton I. Shadur*
                                                              Milton I. Shadur
                                                             Senior United States District Judge

Date: April 19, 2016